**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ISAAC THOMAS HENRY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-403** |
| **SHELL USA, INC. ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Danos, LLC's Motion to Dismiss (Doc. 9). For the following reasons, the Motion is **GRANTED IN PART** and **DENIED AS MOOT IN PART**.

## BACKGROUND

Plaintiff Issac Thomas Henry, Jr. alleges that he was wrongfully terminated from his job on the basis of age and disability. Plaintiff began working as a staffing employee for Danos, LLC ("Danos") in 2004. For the last six years of his employment, Danos assigned him to work for Defendant Shell USA, Inc. ("Shell"). On June 24, 2024, Plaintiff experienced soreness in his left knee while working aboard Shell's platform and requested permission to leave the platform early to be seen by a doctor. After receiving medical care, he obtained a return-to-work letter from his doctor on July 2, 2024 and was scheduled to return to the Shell platform on July 10, 2024. Plaintiff alleges that on July 5, 2024, he received notice from Danos that Shell had released him from his contract with Shell and his employment with Danos was being

1

terminated because Shell was concerned about his physical ability to perform his job and feared that if Plaintiff returned to work he may fall and hurt himself. Plaintiff was 67 at the time of his termination.

Plaintiff brings claims against Danos and Shell for violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Discrimination Act ("ADA"), and Louisiana employment discrimination laws. Danos moves for dismissal of the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief,

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

Danos moves for dismissal of the ADA, ADEA and state law claims against it. At the outset, Plaintiff admits that he does not intend to bring any claim under the ADEA or Louisiana age discrimination laws against Danos. Accordingly, that portion of Danos's Motion to Dismiss is denied as moot. Instead, this Court will focus its attention on Danos's arguments for dismissal of the claims against it under the ADA and Louisiana's disability discrimination law, Louisiana Revised Statutes § 23:323.

Danos argues that Plaintiff has failed to allege a claim under the ADA because he does not allege a disability or that Danos itself took any adverse employment action on the basis of a disability.[8] Under the ADA, the term "disability" means, "with respect to an individual (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."[9] Plaintiff admits that he does not have a physical or mental impairment. Rather, he argues that Defendants regarded him as

---

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[8] Because the Court holds that Plaintiff has not alleged a qualifying disability, it does not reach Danos's second argument.

[9] 42 U.S.C. § 12102.

having such a disability under 42 U.S.C. § 12102(1)(C). For purposes of paragraph (1)(C):

> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
>
> (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

Under the plain terms of the ADA, Plaintiff's Complaint does not state a "regarded as" claim because the knee soreness he alleged was "transitory and minor" and lasted less than six months. Indeed, the allegations of the Complaint indicate that Plaintiff's knee soreness lasted roughly two weeks at the most. Accordingly, the allegations of Plaintiff's Compliant do not state a disability under the terms of the ADA.[10] Further, Louisiana's disability discrimination law is modeled after the ADA and therefore "the result of this Court's analysis under either statute must, necessarily, be the same."[11] The

---

[10] *See* Crain v. Schlumberger Tech. Co., 187 F. Supp. 3d 732, 739 (E.D. La. 2016) (dismissing disability discrimination claim where plaintiff's impairment was the inability to walk or drive for six weeks following surgery); Randall v. United Petroleum Transps, Inc., 131 F. Supp. 3d 566, 572 (W.D. La. 2015) (holding that inability to drive for six months was transitory impairment and ADA's "regarded as" provision was inapplicable).

[11] Mincey v. Dow Chem. Co., 217 F. Supp. 2d 737, 742 (M.D. La. 2002).

4

Court therefore holds that Plaintiff has failed to allege a claim against Danos under either the ADA or Louisiana's disability discrimination law.

When granting a Motion to Dismiss, the Court must consider whether the plaintiff should be given leave to amend the complaint. Though "[l]eave to amend should be freely given," a court may decline to give such leave as long at the denial is justified on grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[12] Having found none of these grounds present here, Plaintiff shall have leave to amend his Complaint to the extent that he can remedy the deficiencies identified herein.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Motion is **GRANTED IN PART** and **DENIED AS MOOT IN PART**. Plaintiff may amend his Complaint within 20 days of this Order to the extent that he can add factual allegations to state a claim. Failure to amend will result in dismissal of Plaintiff's claims against Defendant Danos, LLC with prejudice.

---

[12] U.S. *ex rel.* Adrian v. Regents of Univ. of California, 363 F.3d 398, 403 (5th Cir. 2004).

New Orleans, Louisiana this 30th day of July, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**