**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ISAAC THOMAS HENRY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-403** |
| **SHELL USA, INC. ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendant Danos, LLC's Second Motion to Dismiss (Doc. 18) and Defendant Shell USA, Inc.'s Motion to Dismiss (Doc. 19). For the following reasons, the Motions are **GRANTED.**

## BACKGROUND

Plaintiff Issac Thomas Henry, Jr. alleges that he was wrongfully terminated from his job on the basis of disability.[1] Plaintiff began working as a staffing employee for Danos, LLC ("Danos") in 2004. For the last six years of his employment, Danos assigned him to work for Defendant Shell USA, Inc. ("Shell"). On June 24, 2024, Plaintiff experienced soreness in his left knee while working aboard Shell's platform and requested permission to leave the platform early to be seen by a doctor. After receiving medical care, he obtained a return-to-work letter from his doctor on July 2, 2024 and was scheduled to

[1] Plaintiff initially brought claims alleging age discrimination under the Age Discrimination in Employment Act (ADEA) and Louisiana Revised Statutes § 23:312. However, he subsequently withdrew those claims. Docs. 13, 20.

return to the Shell platform on July 10, 2024. Plaintiff alleges that on July 5, 2024, he received notice from Danos that Shell had released him from his contract with Shell and that his employment with Danos was also being terminated. Specifically, "Shell had health concerns about Plaintiff's ability to perform his job and that if Plaintiff returned to work, he may fall and hurt himself."[2]

Plaintiff brings claims against Danos and Shell for violations of the Americans with Disabilities Act ("ADA"), arguing that they perceived him as having a disability.[3] On April 30, 2026, Danos moved for dismissal of Plaintiff's claims, and this Court granted its Motion, holding that Plaintiff could not succeed on a "regarded as" claim under the ADA because the knee soreness he alleged was "transitory and minor."[4] However, the Court allowed Plaintiff an opportunity to amend his Complaint to better allege his claim.

Plaintiff filed an Amended Complaint on August 13, 2026. Thereafter, Danos and Shell separately moved for dismissal of Plaintiff's ADA claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[5] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the

[2] Docs. 1, 17.

[3] Plaintiff withdrew his claims for disability discrimination under Louisiana Revised Statutes § 23:323. Doc. 20.

[4] Doc. 14.

[5] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

reasonable inference that the defendant is liable for the misconduct alleged."[6] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7] The court need not, however, accept as true legal conclusions couched as factual allegations.[8] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[10] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[11]

## LAW AND ANALYSIS

Danos and Shell move for dismissal of Plaintiff's ADA claims against them, arguing that Plaintiff has failed to remedy the deficiencies identified by this Court in considering Danos's first Motion to Dismiss. Specifically, Defendants contend that Plaintiff still fails to state an ADA claim because the knee injury he alleges was minor and transitory.

Under the ADA, the term "disability" means, "with respect to an individual (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an

[6] *Id.*
[7] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[8] *Iqbal*, 556 U.S. at 678.
[9] *Id.*
[10] *Lormand*, 565 F.3d at 255–57.
[11] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

impairment; or (C) being regarded as having such an impairment."[12] Plaintiff admits that he does not have a physical or mental impairment. Instead, he argues that Defendants regarded him as having such a disability under 42 U.S.C. § 12102(1)(C). For purposes of paragraph (1)(C):

> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
> (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

"[I]f a plaintiff-employee can show that the defendant-employer perceived the plaintiff as having an impairment, the plaintiff is covered under the 'regarded as' prong, regardless of how limiting the defendant perceives the impairment to be."[13]

This Court previously held that, under the plain terms of the ADA, Plaintiff's Complaint did not state a "regarded as" claim because the knee soreness he alleged was "transitory and minor" and lasted less than six months.[14] In amending his Complaint, Plaintiff does not amend his factual allegations on this point. Rather, Plaintiff argues that the Court's earlier opinion misconstrued his claim. Plaintiff contends that his knee soreness is not

---

[12] 42 U.S.C. § 12102.
[13] Mitchell v. Universal Health Servs., Inc., No. CV 15-5963, 2016 WL 3407764, at *2 (E.D. La. June 21, 2016).
[14] Doc. 14.

the alleged perceived disability, rather, Shell's fear that he may fall and hurt himself is the alleged perceived disability.

"Where an employer bases a prohibited employment action on an actual or perceived impairment, . . . the employer regards the individual as disabled."[15] "For example, an employer who terminates an employee with angina from a manufacturing job that requires the employee to work around machinery, believing that the employee will pose a safety risk to himself or others if he were suddenly to lose consciousness, has regarded the individual as disabled."[16] That said, "it may be a defense to a charge of discrimination by an individual claiming coverage under the 'regarded as' prong of the definition of disability that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) 'transitory and minor.'"[17] "Whether a covered entity can ultimately establish a defense to liability is an inquiry separate from, and follows after, a determination that an individual was regarded as having a disability."[18]

> To establish this defense, a covered entity must demonstrate that the impairment is both "transitory" and "minor." Whether the impairment at issue is or would be "transitory and minor" is to be determined objectively. A covered entity may not defeat "regarded as" coverage of an individual simply by demonstrating that it subjectively believed the impairment was transitory and minor; rather, the covered entity must demonstrate that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) both transitory and minor. For purposes

[15] 29 C.F.R. § Pt. 1630, App.
[16] *Id.*
[17] 29 C.F.R. § 1630.15.
[18] 29 C.F.R. § Pt. 1630, App.

> of this section, "transitory" is defined as lasting or expected to last six months or less.[19]

Accordingly, "the relevant inquiry is whether the actual or perceived impairment on which the employer's action was based is objectively 'transitory and minor.'"[20]

> For example, an employer who terminates an employee whom it believes has bipolar disorder cannot take advantage of this exception by asserting that it believed the employee's impairment was transitory and minor, since bipolar disorder is not objectively transitory and minor. At the same time, an employer that terminated an employee with an objectively "transitory and minor" hand wound, mistakenly believing it to be symptomatic of HIV infection, will nevertheless have "regarded" the employee as an individual with a disability, since the covered entity took a prohibited employment action based on a perceived impairment (HIV infection) that is not "transitory and minor."[21]

Here, the allegations of the Amended Complaint plainly allege that Plaintiff's knee injury was objectively transitory and minor. As for the perceived disability, it alleges that Defendants perceived Plaintiff to have a disability that would put him at risk of further injury. The Amended Complaint, however, does not allege any disability that Defendants perceived Plaintiff to have, other than his minor knee injury. The Amended Complaint also does not allege that Defendants perceived Plaintiff's knee injury to be not transitory and minor. Indeed, it alleges that Defendants received documentation from Plaintiff's physician that he could return to work without

[19] 29 C.F.R. § 1630.15
[20] 29 C.F.R. § Pt. 1630, App.
[21] *Id.*

limitation prior to his termination. Plaintiff does not cite to any case maintaining an ADA "regarded as" claim where the underlying injury was objectively transitory and minor and there is no allegation that the Defendants perceived it to be anything other than what it was. Accordingly, Plaintiff has again failed to allege an ADA claim.[22] Having repeatedly failed to "cure deficiencies by amendments previously allowed," further leave to amend the complaint would be futile.[23]

## CONCLUSION

For the foregoing reasons, the Motions are **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 14th day of October, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

[22] Plaintiff's ADA claim against Danos—that it should have known that Shell's termination of Plaintiff was in violation of the ADA—likewise fails as it is derivative of Plaintiff's ADA claim against Shell.

[23] U.S. *ex rel.* Adrian v. Regents of Univ. of California, 363 F.3d 398, 403 (5th Cir. 2004).